UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANN ABRAM                                                        CIVIL ACTION

VERSUS                                                             NO. 07-9057

MICHAEL J. ASTRUE, COMMISSIONER                                    SECTION "I" (2)
OF SOCIAL SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Plaintiff, Joann Abram, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration ("Commissioner"), which denied her claim for benefits.

After filing an answer, Record Doc. No. 7, and in lieu of responding to plaintiff's motion for summary judgment, Record Doc. No. 17, the Commissioner filed an unopposed Motion for Remand for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g). Record Doc. No. 23. The Commissioner explains that the case should be remanded for an Administrative Law Judge ("ALJ") "to recontact Dr. Talluri to request clarification of the physical capacity assessment and the objective basis for the medical opinion, as well as to obtain a consultative examination and/or medical expert testimony if necessary." Id. at p. 1. On this ground, the Commissioner seeks reversal and remand, so that an ALJ may further develop the record and re-evaluate plaintiff's claim.

The motion states that it is unopposed, and it was not noticed for hearing. Plaintiff's attorney, Joseph P. Williams, Jr., has orally confirmed to a member of my staff that he does not oppose the motion.

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Waters v. Barnhart, 276 F.3d 716, 716 (5th Cir. 2002); Loza v. Apfel, 219 F.3d 378, 389 (5th Cir. 2000); Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993).

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 100-01 (1991). Having reviewed the record, the submissions of the parties and the applicable law, and for the following reasons, **IT IS RECOMMENDED** that defendant's unopposed motion to reverse and remand be **GRANTED** pursuant to the fourth sentence of 42 U.S.C. § 405(g), quoted above.

In the instant case, the Commissioner apparently, though not expressly, concedes that substantial evidence in the record is lacking at this time to uphold his decision and

asks that the court reverse that decision so that he may further develop the record as to an essential issue. Accordingly, it appears that good cause exists to support reversal of the decision and to remand this case.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that defendant's unopposed motion to reverse and remand be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   12th   day of June, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE